The next two cases which have been consolidated for argument are 19-1152 and 19-1154, Calabo Innovations v. Sony. Ready whenever you are, sir. Good morning. May it please the Court. A wall is not a set of stairs, and a wall is not a pergola. Yet, under the Board's construction of the term reflecting walls, both of those structures would qualify. That's inconsistent with the plain and ordinary meaning of a wall that we all understand. Did you ask the Board for construction? We did. During the oral argument, we made it very clear that we were asking for a construction and that the arguments raised by Petitioner were inconsistent with the plain and ordinary understanding of the word reflecting wall. Well, what I have from JA 1462, so maybe there's another site I'm not looking at. One of the APJs said, no, when you realized that our construction was incorrect, did you alert us to the problem? And somebody said, Your Honor, no, we did not. It's not in the record. So where's the preservation in the record? Well, we argued in, we may not have put a heading in our patent owner response, we dispute the claim construction of the Board, but that's not required under this Court's precedent to challenge a claim construction. We challenged the application of the Board. We challenged that construction in the application of the art onto the claims and argued that the prior art did not disclose a reflecting wall. It didn't disclose a wall at all and didn't disclose one that met the purpose of the patents, which is to reflect oblique light onto a photodiode. What construction did you propose? Where and with what? At the oral hearing, we said plain and ordinary meaning, but we didn't have an opportunity to really spell out our construction. We requested additional briefing before the Board at the oral hearing, and that was, that ended up getting denied. But look, our arguments on appeal are absolutely consistent with our arguments below, and that's really what's required under this Court's precedent to preserve an issue. This is a purely legal issue. This is one where the briefing was, look, Sony was on notice that we challenged the construction. They admitted in their reply brief below that we were challenging the Board's construction. So this isn't like a notice issue. They knew we were challenging it, and they, in fact, had a whole section of their brief saying, the Board's construction is correct. Collabo is not applying it right. And then we made it clear at the oral hearing, yes, Sony got it right. We are challenging the construction. So just because we didn't propose a particular construction, just because we didn't put it in a heading, that's not waiver. And this Court found in the Entertainer case, in nearly exact circumstances, where the patent owner even said, as we unfortunately did below, it suggested that we were applying the Board's construction in the patent owner's response, even where that happened and the construction ended up being challenged within the distinguishing of the prior art, that this Court would consider that claim construction argument on appeal. Well, at some point early on, you said for the purpose, you didn't just sort of acquiesce by saying nothing. You said you're applying the Board's construction for your analysis. You were explicit that you're reserving the right to challenge it in another proceeding, but not in this proceeding. Are you misstating the record? Absolutely not. But that statement is unfortunate. It contradicts what we actually argued later on in the patent owner response within our arguments distinguishing the prior art. And, in fact, both proceedings below, both of these IPRs were on the same track. And in the second IPR, the 1154, the one below, we actually said in our patent owner response that the Board's construction was overbroad. So we said right there, this construction's overbroad. We might not have said that in both responses, but I'm not sure why. I think there was some mix-up. But we certainly made the same arguments about the prior art not disclosing or reflecting any wall as a person would understand it to be. Do you want to move on to the trapezoid issue, other issues? Certainly. Okay. And there are only a few claims that are affected by that second argument, right? That's right, 3 and 12. Yes. So claims 3 and 12 require that the cross-section of the reflecting wall is a trapezoid with an upper base that is longer than the lower base. Sony pointed to a cup-shaped structure disclosed in a prior art reference called Abe. This cup-shaped structure doesn't have an upper base. A cross-section of a cup only has three sides. And under the board's own definition of a trapezoid, and I don't think it's under dispute, a trapezoid is a quadrilateral having four sides. It doesn't have three sides. So Sony, in its original petition, drew a trapezoid over the cup and said, Aha, this must be a trapezoid because we can draw over it. It filled in a structure that was drawn in Abe itself. There's a line in Abe that goes across the top just short of the extended arms, right? Yes, but that's a — that filling — They filled in the gap with the transparent insulation material. In their annotation they did. In their annotation, right. But they didn't argue that in their petition. They didn't say in their argument that — Well, their petition showed the same annotation. The petition had that annotation. Right. With the same — if you look at Abe, the filling of the cup is the same — A trapezoid structure. Then the only way you get the trapezoid structure is by including the walls. Right. And then you are adding the two materials. And you say that's not fair. That's not what Abe teaches. That's what the patent teaches. So they're, in essence, what the board was doing was reading the patent onto the prior art to say you'd combine the two materials to create this reflecting wall. That's absolutely right. I mean, it's total hindsight. I'm sorry. That's a two-step argument, as I understood it from your lack of substantial evidence. There's no support in Abe for using the blue to create a wall in the first place. But even if there were, it wouldn't be a wall just with the insulating material. You'd have to add the yellow arms. And there's certainly no teaching in the prior art of combining materials. It's only in the patent itself. That's right. And their expert never opined that a person of ordinary skill in the art would have filled that in and seen a trapezoidal shape there. The expert merely, just as they did in their petition, say, aha, that's a trapezoid. They drew this picture over it. The picture is not evidence. What is evidence is what is in Abe. And Abe doesn't teach that that is a trapezoid at all. And the same substance is in the cup in Abe as is outside of the cup in Abe. What's the role of the transparent insulation in Abe for purposes of reflection of light? Well, I think I'm not sure that it's supposed to reflect the light at all or impact the light. I think that the light just passes through that insulation. The yellow walls are reflective surfaces. I believe that's true. And so the light would bounce into that cup and then out of the sensor away from the photodiode. Can I just focus you on, it's at Appendix 170, Figure 5H. I realize Figure 6 is the one we've been talking about when we're talking about trapezoid walls. Figure 5H, it seems like there are three metal sides filled and then it's filled with something else. So this looks, except for the fact that it's not the trapezoid, it's a rectangular shape, it seems very much like what Abe is talking about or how they're construing Abe, which is, okay, you've got three sides, cup filled, and you've got that fill, and that forms the figure. Sure. So the difference is, in this figure, 5H, 5I, the filling, we're not arguing that you can't have a trapezoidal reflecting wall that's made of multiple materials. That's not our argument, that it needs to be a consistent material. You can have different materials that make up this reflecting wall and have a filling like you see in Figure 5. However, the filling in this cup in Abe is not the same as this filling that's disclosed here. This filling that's disclosed in Figure 5 is going to be a reflective material that's like the outside. At the very least, it forms an upper base. Even if it's not reflective, it's going to form an upper base of the trapezoid. Whereas in Abe, the filling doesn't really create an upper base. It doesn't connect the two ends of the cup. But let's look at 5H. So are you saying the filling in 5H creates an upper base? Yes. And what's the difference between that and Abe? Well, the Abe doesn't really have a filling such as that. It's the same filling on the outside of the cup in Abe as is inside the cup in Abe. And clearly here in Figure 5H, the filling of the cup is different than what's on the outside of the cup. Well, when you look at the spec, I'm not sure. They're very loose, it seems to me. Maybe I'm not looking at the right thing. I know this is about Figure 6, but in Column 9, they talk about it is assumed the material of the reflecting wall is metal. The material is not limited there, too. And then it goes on to talk about how we're not sort of cabbing into what you can fill it with. So doesn't that tell us how does that limit? Is that in the patent or in the patent? That's in the patent specification. The patent, right. Yes. So when you're saying that you can have different materials, that's what the patent teaches? Yes. Is there any teaching in the prior article? I thought when you and I had the discussion earlier, you said one of the problems is treating Abe as though it had a trapezoid when you add what was blue to the yellow, is that there's no teaching in Abe that you put the materials together. That's right. And consider it as a trapezoidal feature. There is no teaching in Abe. I know, but back to my point about just looking at 5H and telling me. I thought your answer to me was this filling is not what's on the outside as well, and that's why Abe isn't comparable to this. It's not that Abe is distinguishable because it's made of multiple materials.  The issue is that there's no teaching in Abe that a person of ordinary skill merit would consider that particular annotation that Sony drew over the cup to be a trapezoid and consider that to be one reflecting wall. The reflecting wall in Abe is basically a cup shape. It's not a trapezoid. That's why I'm looking at 5H, because that seems to me to be a cup shape, too, with something filled in, which seems to me what Abe is. It's a cup shape, even though this is a rectangle, that's a trapezoid. It's a cup shape with something else filled in, and their argument or the board's argument is that's sufficient to create the structure. That's what I think is going on in 5H. Tell me if I'm wrong. If we're allowed to have that go on in 5H, why isn't that good enough for a comparable analysis about the trapezoid? Well, if you had the same filling in 5H on the inside and the outside, I would say that's not a trapezoidal reflecting wall. You've got basically air where you have no upper base. How do we know what the filling is in 5H? 121 and 122. A W film, so tungsten. A TI film, 122. So we're talking about a reflective material here. I'm sorry. Let me direct you to where I found that. Column 8 is what I can see. Yes, column 8, starting at lines 26, starts talking about the films. So we're talking about tungsten. I mean, that's not an insulation, a clear insulation where the light could pass through. We're talking about a metal structure here, a reflecting wall that may be made of different materials, but it's all a reflecting wall. And in Abbe, we have a cup with a clear insulation. Wait, so show me where are you on line 26. Line 20, so look at 26, 27, 28. Line 28, a W film 121 is formed on the TI film 122. Right. OK. But you're, so. And I'm not saying it's. You're reading that prior on to Abbe, right? You say you don't have any problem with Abbe teaching that you can use two materials to make a wall? I don't think Abbe does teach that. Well, isn't that important to your case? Yes. The fact that the patent teaches that you can have 121 and 122 in a cup, the two things together that form the wall, rectangular in this case. I thought when you and I had the discussion earlier, you thought that one of the things for which there was no substantial evidence was Abbe doesn't teach you that you would combine the yellow arms with the blue material. That's correct. I mean, you learned that you can't read, you can't read knowledge out of the patent onto the prior art. That's right. And I'm not saying that's from your view. That's what the board is doing when the board said, oh, you can take the two materials and put them together and create the trapezoid. That's exactly right. That is our position. But isn't that exactly what's going on in 5H? Not for a trapezoid, for another structure. Perhaps, but that's. Yeah, that's the teaching of the patent. That's the invention. And then what you're saying is that teaching of the patent proves to you that that's what someone before the patent, i.e. Abbe, did. That's why you can't read the patent onto the prior art to invalidate the patent. That's right, it's backwards. I mean, stated otherwise, you might be trying to make the argument that it's new and novel to use two materials to make the structure, because it wasn't taught in Abbe. Right. And no other prior art was introduced to show mixing two materials to create a wall. Right. Yeah. Yes. So. I'm going to leave the rest of the issues, unless you want to hear more on reflecting walls. I understand. I'm going to keep the rest of my rebuttal time in reserve. Thank you. Good morning, Your Honors. Dennis Van, very briefly for the United States. If you look on pages 26 to 27 of their reply brief, they can see that this court's decision in Celgene, as well as the cases following Celgene, foreclosed the due process and takings challenges. And so if this court doesn't have questions. In other words, it's not disputed. Not disputed. Exactly. Thank you. I have you see the rest of my time. Thanks for showing up anyway. Good morning. May it please the court. I'll first, hopefully briefly, just address the claim construction waiver and then spend the majority of the time on trapezoids. But just on the, both parties agree that it's abuse of discretion. That's the standard of review because the board below made an express finding that the new claim construction challenge was brought too late. And that's on page, gray brief, page 14. And on that very same page of the gray brief, they also acknowledge that they are not challenging the board's denial of additional briefing post-hearing where presumably Calabo would have introduced its claim construction for the first time. Because at the oral hearing, they couldn't even articulate their, what it meant, the plain and ordinary meaning construction. And just to distinguish the cases cited in the gray brief, those cases involved not... We have cases where someone stands up and says, oh, it's the plain and ordinary meaning. And we say, well, that's okay to keep the issue alive. I mean, we frequently have cases where both sides say to the board, well, it's the plain and ordinary meaning. And someone on the board says, well, what's that mean? They say, well, that's your job to figure it out. But we both agree that it's the plain and ordinary meaning. Except now in the blue brief, they've gone beyond just a vague plain and ordinary meaning and say that it's walls that reflect oblique light onto the corresponding photodiode. That's halfway through their blue brief where they address that for the first time. But just to quickly distinguish legally the cases cited in the gray brief, those cases involve this court in the first instance applying its own prudential appellate waiver rule. Whereas here we have the agency's mandatory rule that applies unless the board waives it under Rule 37 CFR 43.5B, as this court explained in Dell. So we have a mandatory rule on point reviewed as we agree for abuse of discretion. But is it really an abuse of discretion standard? I mean, if one commits an error of law, you have abused discretion. And so the question of law is what's it take to preserve claim construction? The abuse of discretion question is, did the board commit an abuse of discretion by not allowing new consideration of an argument raised for the first time but not even articulated well? But if we decided that the issue had been sufficiently preserved, then it would have been an abuse of discretion. I suppose so, yes. Aren't you just basically reduced back to asking yourself the question, was their response to the petition sufficient to show that they were concerned about claim construction? And as the board expressly found in both denying the additional briefing and in its final written decision, this overbroad criticism was simply too vague for them and ambiguous for the words that the board used to characterize the way they tried to preserve this issue. But moving to the trapezoids, if I may. So on appeal, we argue that they are raising a new argument about the level of perfection of a quadrilateral with exactly four corners and four sides. But that's not what Calabo was arguing below. So where does Abbe teach that you use the transparent insulation, which is throughout the whole structure and not just inside the yellow walls, that you use that to create a reflecting wall? Where does Abbe teach that? So Abbe fills up the entire cup. Abbe has a metal cup, which... covers the entire, wherever the structure stops. And we don't know whether it stops with trapezoidal arms or not. Right? So my question is, if we're in Abbe, Abbe's talking about the yellow arms as there to create reflecting surfaces, which we're treating as reflecting walls. Where do they talk about the blue transparent insulation as contributing in any way, shape, or form to the formation of a reflecting wall? The answer is they don't, right? We disagree. On paragraph 33, it talks about the creation of the second insulating film 14. Paragraph 33 of Abbe? Yes, appendix page 456. Paragraph 33. And recall that the insulating film is labeled 14 in the... It covers the entire surface. So it covers, it goes all the way out, and then there's no showing of a trapezoid there. So that argument is dead in the water. Because paragraph 3 creates any, could be a rectangle, could be anything, but it's certainly not a trapezoid. When you spread the insulating material across the entirety of the two structures with your arms up, you end up with a nothing. Insulating film 14 has been deposited already on... Can you tell us where you're looking at, page, appendix 456? Page 456, paragraph 33, which is in the right-hand column near the top. Second insulating film is formed on the entire surface. Right. Covering up the... Not only the cup, but everything else. And this cup is enclosed in Abbe. Correct, but I asked you, the question was for the purpose of creating a reflecting wall. Paragraph 44. Where do they tell you paragraph 44? Paragraph 44, relied on by the board, explains the relevance of what's going on in figure 13, where the upper extended portions may be extended to incline upwardly from the upper... That's where they're showing where the reflection comes from, the arms going up. So let's assume that even if, which I don't think it does, Abbe taught that you use the insulating material to create a trapezoid as opposed to creating, let's say, a rectangle, something big. Where does Abbe teach that you combine that material with the material of the extended arms to create a trapezoid? The work of reflection is happening virtually entirely... Putting the two materials together. Because you can't, when you created your little blue cup, your trapezoid was simply the blue stuff. You have to add the yellow material to create the reflecting wall. And so then I say to you, the patent I know teaches us that you can use two materials in a cup to create a rectangular reflecting wall. But I'm seeing an Abbe that told me that I do the same combo. I think this goes back to the claim construction. Can you find anything in Abbe about that? I don't think you can. Just as a matter of relevance... You've cited paragraphs, you know, quickly on the other issues. So the claim construction only requires that the external approximately vertical walls be made of reflecting material. It doesn't say anything about the top. When you drew, you took your magic marker and painted the color from the insulating material just inside the cup. You painted it just inside the cup. The blue just inside the cup is not a trapezoid. Because you've got to get the arms in there too. Your Honor, specifically which arms? The ones poking out from the top? The ones that go out. I mean, I think they drew them yellow in some of the pictures. Yes. Right. If you looked at Abbe A462 and Figure 3 of Abbe, the coloring material that you fill in goes inside of the arms going up. Right? Yes. So in order to create the structure of the trapezoid that has the reflecting capacity, you've got to add those yellow walls. The yellow walls come with Abbe. The yellow walls come with Abbe. There's no question about that. The question is, does the blue, does the interior stuff combine with the yellow, come with Abbe? We think so. But where does Abbe teach that you use the blue material to combine it with the yellow to create a reflection? Paragraph 47 of Abbe talks about the openings of the... page 458 appendix. Openings 13 are formed by being surrounded by the...lower faces 9A of the second shielding film and the upper extended portions 92 or 93 where the inlet is narrowed by the upper extended portions 92 or 93 of the second light shielding film. Nothing in there about insulating material 14. What this says is that this cup is completely encased. It's surrounded. Abbe fills up to the top with insulating material the metal cups. Talking about being completely surrounded by the...where are you in 47? Three lines down in the first sentence. Three lines? Yes. The openings 13 are formed by being surrounded by the...lower extended portions 81. The lateral faces 9A of the second light shielding film 9. Those are the things going out, the arms. And the upper extended portions 92. No, that's the arms. But there's nothing in there about having the film 14 filling in. Again, the... just to go back to the claim construction the board found that the final written decision 49 the claimed reflecting walls do not require a uniform composition the only aspect... When they say they do not require a uniform composition, that's because that's what the patent teaches. That's not what Abbe doesn't teach that you can have two materials to form a wall. You've heard that argument before. And there's testimony that a person of ordinary skill would understand that depending on the wavelength and the indices of refraction, I'm looking at appendix 992, the Guy-Dash deposition that a light entering in the cup region very well could be bouncing off as well from that top insulating film or it could be also a portion going down all the way to the cup and bouncing out. That's different from using two materials in the cup. Well, our position on appeal is that and as below that it's the entire structure as the board found and agreed with us on page 45 of the... I'm looking at the 1154 appeal appendix we find that the entire cup structure entire cup shape structure including the material within is the recited reflecting wall. It's easy to see what happens because when you use the magic marker to fill up the cup except for the fact that the arms stick out over the top which creates a little bit of a problem of having an actual trapezoid, a sloppy trapezoid. But the question is what's the substantial evidence for doing that within Abbe? Abbe certainly isn't teaching that. Abbe isn't saying if you want a reflecting wall it can be found by taking this transparent material that is inert which goes in the cups and outside the cups and all around the cups. Abbe isn't talking about using that for any purpose of reflecting light. They're talking about their upwardly extending arms which use their angles so as to create the size of a trapezoid. Yes, those are no question, these are reflecting. It's just a simple question of a school child could look at Abbe's drawing and take a magic marker and fill up the cup and say, Hosanna, it's a trapezoid. That's not the question. The question is what's the substantial evidence to do that in Abbe? A person of ordinary skill really wouldn't care about the material inside of Abbe because let's remember how we got here. That's not what the record says. It's sort of like Chief Justice Roberts talks about calling balls and strikes. As I see this, our job is just to look at the record that was made in front of the board, simple as that, and decide whether or not there's substantial evidence to support their conclusion. If there is, you win. If they don't, you lose. The fact that you might have made a different argument to show that the trapezoidal structure is obvious is irrelevant because Abbe certainly teaches using angle size, right? Yes, it does. So you might have said, which you didn't. One of ordinary skill in the art knowing you can use angle walls would have been inclined to modify a rectangle and make it trapezoidal. That's not the argument you made. Looking at petition page appendix 128. That's certainly not the argument that we relied on by the board. One of ordinary skill would have been motivated to use Abbe's trapezoidal reflecting walls because the slanted walls would direct a larger percentage of incident ray angles towards the photodiode, providing the advantage of increased light collecting efficiency. Do it in your brief 1152. 1152, yes. 128. What page? Appendix page 128. The bottom paragraph. One of ordinary skill would have been motivated to use Abbe's trapezoidal reflecting walls because the slanted surfaces would have directed a larger percentage of incident ray angles toward the photodiode, providing the advantage of increased light collecting efficiency. A primary goal of the 1034 patent. And that's not the argument that was used by the board. Thank you. It's not anywhere in the board's opinion. The board relies on our motivation to combine. On page 50. We find petitioner has shown a rational basis for combining Takahashi and Kimura with Abbe. Where is that? Bottom page 50. Well. And it's the citing petition page 55 which goes on about the inwardly slanted angles of the reflecting walls. We don't say substitute, let's destroy the Tomoda plus Kimura walls or the Takahashi walls, throw them away and import wholesale the structure of Abbe. And the motivations and that the motivations focus was on the reflecting walls on the outside. The fact that you would get better light collection from making those walls of the primary references slanted. But as about the tips and the crooked, the supposedly crooked little sides on the edges that was not their argument below. Their argument below which is made clear in the hearing which is cited on page 45 of the final written decision. Looking at appendix 1472 is where the transcript is. The exchange between Calabas Council and the APJs. It's all about, so asking because it's a cup it's not a trapezoid? Answer, that's right. Question, there's no other reasons? That's what we have to consider? Answer, I think that's correct. That's the only consideration necessary in our view. It was not now this perfect four-sided, it was not this argument that they're raising on page 54 of the blue brief with these red structures with the tops pointing out. That was not the argument below. Had they raised that. You mean the fact that the arms extend beyond the top? Correct. Had they raised that. That's not central to the case. We take the board's opinion on all four and we say here's why the board made its decision. Then the question is, is there substantial evidence to support its decision? And we believe that paragraph 44 cited by the board and paragraph 38 cited by the board at final written decision 48 and 49 provide that substantial evidence. Thank you. ... ... ... Just have a few follow-up points with respect to the waiver issue. He's correct, we did go ahead and propose a construction for reflecting walls in our brief. That construction is consistent with our arguments that we made in the Pat Nona response. This court doesn't need to agree with our particular construction in order for us to win because the board's construction is just plainly wrong. It is overbroad. The board constructed a wall to be any vertical surface. I think anyone would agree that's just an overbroad construction and it's not an abuse of discretion issue here. I mean this board, this court reviews claim construction de novo. Council, my colleague is saying well because we raised these issues below and the board found waiver therefore we're somehow in a worse spot than we would be had we not raised the issues below and raised them for the first time on appeal. ...